# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT E. WALLACE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-01099-JAR |
| | ) |
| ALEX DOWNEY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of two separate amended complaints filed by plaintiff Robert E. Wallace, Jr. For the reasons discussed below, plaintiff will be directed to file a third amended complaint that clearly indicates the defendant he intends to sue, and includes the claims he wishes to present.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820

F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. On September 3, 2021, he filed a civil action pursuant to 42 U.S.C. § 1983, naming Correctional Officers Alex Downey and Caelan Upton as defendants. (Docket No. 1). Plaintiff did not indicate the capacity in which defendants were sued. The complaint contained allegations regarding two separate incidents of excessive force.

In the "Statement of Claim," plaintiff asserted that on June 19, 2021, Officer Downey "used excessive force" by slamming plaintiff's face against the wall and floor, chipping his tooth. Then,

on June 27, 2021, plaintiff alleged that Officer Upton engaged in the "excessive use of force" by slamming his hand in the food port, causing minor bleeding and lacerations on his right forearm. Based on these incidents, plaintiff sought unspecified "punitive monetary damages" and unspecified "injunctive relief."

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). On January 5, 2022, the Court granted the motion and assessed an initial partial filing fee. (Docket No. 6). Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915.

Based on that review, the Court determined that plaintiff's complaint was subject to dismissal for two reasons. First, as he had not indicated the capacity in which defendants were sued, they were assumed to be sued in their official capacities only. However, plaintiff had failed to state a claim against the State of Missouri, defendants' employer. Second, even assuming that defendants were sued in their individual capacities, plaintiff had not demonstrated the use of excessive force, because he had presented no facts alleging that the officers had acted sadistically and maliciously, rather than in a good faith effort to maintain or restore discipline.

Rather than dismissing the case, the Court directed plaintiff to file an amended complaint according to the instructions set forth in the order. On January 28, 2022, the Court received an amended complaint against defendant Alex Downey. (Docket No. 7). On January 31, 2022, the Court received a second amended complaint against defendant Caelan Upton. (Docket No. 8).

**The Amended Complaint**

The amended complaint is brought pursuant to 42 U.S.C. § 1983, and names Officer Alex Downey as the defendant. (Docket No. 7 at 2). Officer Downey is sued in an individual capacity only.

3

In the "Statement of Claim," plaintiff asserts that on June 19, 2021, Officer Downey slammed his face against the wall. (Docket No. 7 at 3). After being put on the ground, he alleges that Officer Downey once again used force against him, chipping his tooth. Plaintiff states that Officer Downey was not attempting to maintain control or discipline.

Prior to this incident, plaintiff asserts that Officer Downey used pepper spray against him on February 24, 2021. (Docket No. 7 at 4). He states that this earlier event provided motivation that led to Officer Downey's "excessive force [on] June 19, 2021."

Plaintiff states that he sustained a chipped tooth and minor swelling on his face and lip. (Docket No. 7 at 6). He seeks $2.2 million in punitive damages and unspecified injunctive relief. (Docket No. 7 at 7).

### The Second Amended Complaint

Plaintiff's second amended complaint is also brought pursuant to 42 U.S.C. § 1983, and names Officer Caelan Upton as defendant. (Docket No. 8 at 2). Officer Upton is sued in an individual capacity only.

In the "Statement of Claim," plaintiff asserts that on June 27, 2021, Officer Upton "caused [a] minor assault," and used "excessive force." (Docket No. 8 at 3). He states that he has a metal device secured to his food port, and that Officer Upton grabbed "the metal device with effort to cause harm."

Subsequently, plaintiff states that Officer Upton was involved in another use of excessive force against him. (Docket No. 8 at 4). Specifically, on October 20, 2021, Officer Upton allegedly struck plaintiff several times "with a closed fist."

The June 27, 2021 incident caused minor bruises and bleeding from forearm lacerations. (Docket No. 8 at 5). The October 20, 2021 incident left bruises and lacerations on his upper lip.

4

(Docket No. 8 at 4). As a result, plaintiff seeks $2.2 million in punitive damages and unspecified injunctive relief. (Docket No. 8 at 6).

## Discussion

As noted above, the Court ordered plaintiff to submit an amended complaint on January 5, 2022. In response, he submitted **two** different complaints, each naming a single defendant, and each containing claims that are unrelated to each other. The Court is uncertain whether plaintiff intended his second amended complaint to replace his amended complaint, or whether plaintiff's second amended complaint is an attempt to initiate an entirely new case.

Because of this uncertainty, the Court will direct plaintiff to file a **single** third amended complaint in this case, which should include the specific defendant he wants to sue, and the claims he wishes to pursue. In other words, plaintiff's third amended complaint should be directed at either Officer Downey or Officer Upton, but not both.

## Amendment Instructions

In preparing his third amended complaint, plaintiff **must** follow the instructions set forth below. Plaintiff should read these instructions carefully, for the failure to follow them may result in the dismissal of this action.

The third amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). As discussed previously, plaintiff's amended complaint and second amended complaint contain unrelated claims against two different defendants. Going forward, he may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). However, he cannot sue both Officer Downey and Officer Upton in the same case, because their actions are not part of the same transaction or occurrence.

5

In other words, plaintiff's third amended complaint should be directed at either Officer Downey **or** Officer Upton, not the two of them together.

If plaintiff desires to sue both Officer Downey and Officer Upton, he will have to bring a **new** case against one of them. This new civil action should be on a Court-provided form, and should be accompanied by a separate motion for leave to proceed in forma pauperis. Plaintiff should indicate that he is filing a new case, and should not fill out the case number section until a new case number is assigned.

Plaintiff should type or neatly print his third amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the third amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page of the third amended complaint. He should then fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each

claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The Court notes that both plaintiff's amended and second amended complaints included irrelevant material such as legal conclusions, legal arguments, and repeated assertions that he could prove his claims. In the third amended complaint, plaintiff should confine his "Statement of Claim" to facts about what happened.

In structuring his third amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). For example, plaintiff cannot simply say that a defendant used "excessive force" or "assaulted him." Rather, plaintiff must provide facts explaining what the defendant did or did not do to harm him.

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is

not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of a third amended complaint **completely replaces** the prior complaints. This means that claims that are not re-alleged in the third amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the third amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file a third amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file a third amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file a third amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the

instructions set forth above, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's third amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 9th day of February, 2022.

                                               JOHN A. ROSS
                                               UNITED STATES DISTRICT JUDGE