UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT E. WALLACE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-01099-JAR |
| ) | |
| ALEX DOWNEY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On February 9, 2022, the Court ordered plaintiff Robert E. Wallace, Jr. to file a third amended complaint within thirty days. (Docket No. 11). Plaintiff was advised that a failure to file the third amended complaint would result in the dismissal of this action without prejudice and without further notice. More than thirty days have elapsed and plaintiff has not complied. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. On September 3, 2021, he filed a civil action pursuant to 42 U.S.C. § 1983, naming Correctional Officers Alex Downey and Caelan Upton as defendants. (Docket No. 1). Plaintiff did not indicate the capacity in which defendants were sued. The complaint contained allegations regarding two separate incidents of excessive force. Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2).

On January 5, 2022, the Court granted plaintiff's motion for leave to proceed in forma pauperis and assessed an initial partial filing fee. (Docket No. 6). Because he was proceeding in

forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that the case was subject to dismissal. Instead of dismissing outright, however, the Court gave plaintiff the opportunity to file an amended complaint.

On January 28, 2022, the Court received an amended complaint against defendant Alex Downey. (Docket No. 7). Shortly thereafter, on January 31, 2022, the Court received a second amended complaint against defendant Caelan Upton. (Docket No. 8).

On February 9, 2022, faced with two separate amended complaints against different defendants, the Court directed plaintiff to file a third amended complaint, choosing the claim upon which he wanted to proceed. (Docket No. 11). Directions were given on completing his third amended complaint, and he was sent a copy of the Court's prisoner civil rights complaint form. Plaintiff was advised that if he failed to file a third amended complaint within thirty days, this action would be dismissed without prejudice and without further notice.

### Discussion

As previously noted, on February 9, 2022, the Court ordered plaintiff to file a third amended complaint on a Court-provided form within thirty days. The third amended complaint was due on or before March 11, 2022. In its order, the Court warned plaintiff that his failure to comply would result in the dismissal of this action without prejudice and without further notice.

The deadline for plaintiff to file his third amended complaint has expired. Indeed, the Court has given plaintiff substantially more than thirty days in which to comply. Despite being given additional time, plaintiff has not submitted a third amended complaint, nor sought an extension of time in which to do so.

"In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Marketing Corp. v. Fingerhut*

*Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's order of February 9, 2022 to file a third amended complaint, and has not sought an extension in which to comply, the Court will dismiss this action without prejudice. *See Dudley v. Miles*, 597 Fed. Appx. 392 (8th Cir. 2015) (affirming district court's Fed. R. Civ. P. 41(b) dismissal for failure to comply with a court order, where plaintiff failed to follow an order to file an amended complaint, "[d]espite warnings that dismissal could result from his failure to do so").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of February 9, 2022. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of April, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE